**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alan D. WILLIAMS, Defendant–
Appellant.**

No. 03–2764.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 3, 2003.

Decided Nov. 21, 2003.

Darilynn J. Knauss, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Andrew J. McGowan, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before POSNER, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Alan D. Williams appeals the sentence he received for bank fraud, in violation of 18 U.S.C. § 1344, and two counts of money laundering, in violation of 18 U.S.C. § 1957(a). He was sentenced to 24 months imprisonment and 5 years supervised release for bank fraud and 18 months imprisonment and 3 years supervised release on each of the money laundering counts, all to run concurrently. He was also ordered to make restitution in the amount of $32,956.66. He appeals his sentence.

Williams was treasurer for the Central Illinois Memorial Kidney Fund (CIMKF). CIMKF was a charitable organization which collected and distributed donations to people in need of financial help to obtain medical services. Williams became familiar with the fund because a member of his family was receiving treatment for a kidney condition.

During this time, Williams was working at the bank in which the CIMKF funds were deposited. When Williams became the assistant branch manager of another bank, the Northpoint branch of South Side Trust and Savings Bank, he moved the CIMKF account to that bank. In 1994 he began to drain funds from the CIMKF account by writing checks payable to cash. Occasionally he wrote "petty cash" on the memo line of the checks. He cashed the checks at the branch bank where he was working. Initially, apparently to deflect a raised eyebrow, he told tellers at the bank that the funds were needed to supplement CIMKF's petty cash fund. Eventually, as the practice of cashing checks became routine, his activities went unquestioned. Williams also wrote the name of an actual vendor in the CIMKF check register to make his withdrawals look legitimate on his monthly report to CIMKF's board of directors.

On September 7, 2001, a cashier's check for $15,000, purchased with CIMKF funds, was signed by Williams and deposited in an account at the bank belonging to one of Williams' relatives. Williams was also listed on the account. Later, Williams transferred the money to his personal investment account at Raymond James and Associates.

Because the $15,000 transaction involved a bank employee, the bank conducted an audit. The auditor discovered that on December 1, 2000, another check drawn on the CIMKF account was made payable to the bank. That check for $20,176.50 was used to purchase a cashier's check payable to Raymond James and Associates and was deposited in Williams' personal investment account. Ultimately, he was discovered that Williams wrote some 160 checks for his own use, amounting to at least $119,132.60.

Williams was indicted and pled guilty to all three counts in the indictment. The presentence report recommended two enhancements to his base offense level. The first was United States Sentencing Guideline § 2B1.1(b)(7)(A), which is applicable if the "defendant misrepresented that he was acting upon the behalf of a charitable agency throughout the period of the offense." The second enhancement was U.S.S.G. § 3B1.3, for abuse of a position of public or private trust.

On appeal, Williams reluctantly acknowledges that we have previously determined that the enhancement in § 2B1.1(b)(7)(A) applies in situations other than the three specifically set out in the commentary, all of which involve the solicitation of funds. *See United States v. Ferrera,* 107 F.3d 537 (7th Cir.1997). He wants us to change our minds. If solicitation were required, the guideline would not apply to him. Even if we do not change our minds, he argues that the guideline is not relevant to him because we should infer that, to be applicable, the guideline requires that the misrepresentation be material. His misrepresentation was not material, he says, because the tellers would have cashed the checks whether or not he offered an explanation for withdrawing the money. But if we disagree, he then contends that applying both this enhancement and the enhancement for abuse of a position of trust involves impermissible double counting—only one, not both, should be applied.

■ First looking to § 2B1.1(b)(7)(A), we adhere to our reasoning in *Ferrera.* The guideline itself requires that the offense involve a "misrepresentation that the defendant was acting on behalf of a charitable ... organization...." While the examples in the commentary involve solicitation of funds, it seems clear that the examples are illustrative, not exhaustive. As we said in *Ferrera,* to find the examples exhaustive would be to put the commentary in conflict with the guideline itself, which is much broader than the examples. Our conclusion is in line with the majority of the circuits to decide the issue. *See United States v. Wiant,* 314 F.3d 826 (6th Cir.2003), *cert. denied,* —— U.S. ——, 123 S.Ct. 1774, 155 L.Ed.2d 529 (2003); *United States v. Aramony,* 166 F.3d 655 (4th Cir.1999); *United States v. Bennett,* 161 F.3d 171 (3rd Cir.1998). *But see United States v. Frazier,* 53 F.3d 1105 (10th Cir.1995).

■ Next, Williams argues that his misrepresentation was not material, and for that reason the guideline is not applicable. However, we see no materiality requirement in the guideline and we decline to insert one. But even if we did, we would find that Williams' statements to the tellers were, in fact, material. He was attempting to avoid arousing their suspicions. If they became suspicious, they might report his withdrawals to a superior and bring about an investigation into the matter. Williams misrepresented to the tellers that he was acting on behalf of a charitable organization to allay any suspicion that he was purloining funds. *Wiant* involved a similar situation. Wiant misrepresented to the bank that he was acting on behalf of the American Cancer Society when he transferred nearly $7 million of the charity's money to his personal bank account. The court found § 2B1.1(b)(7)(A) to be applicable because "in misrepresenting his authority to the banks, Wiant exploited the pretense that the transferred funds were to be used for funding research grants on behalf of a charitable organization. Bank officials might easily have been put at ease by the ostensibly charitable purpose asserted by Wiant." At 829. That Wiant was playing for higher stakes than Williams does not make Williams any less deserving of the enhancement. The amount of money and its relevance to the sentence imposed is taken into account by other provisions in the guidelines. *See* § 2B1.1(b)(1).

Even so, Williams says, applying both § 2B1.1(b)(7)(A) and § 3B1.3 is double counting. He says he should get one or the other, not both.

It seems absolute clear that Williams abused a position of trust, as relevant to § 3B1.3. As treasurer of CIMKF he was entrusted with securing the funds of the organization and ensuring that they were

properly accounted for. He had sole responsibility for the funds and unlimited access to them with little or no oversight. By taking the money for his own use, he unarguably abused that trust.

The question then becomes whether the conduct relevant to the enhancement in § 2B1.1(b)(7)(A) is the same as that relevant to § 3B1.3. We note that we have previously determined that both enhancements can be applied when appropriate. *United States v. Lilly*, 37 F.3d 1222 (7th Cir.1994).

In Williams' case, the enhancement in § 2B1.1(b)(7)(A) depends on the conduct relevant to § 3B1.3, but, in what is important to our analysis, it goes beyond it. The conduct relevant to § 2B1.1(b)(7)(A) is directed at different people—the tellers. The misrepresentation was designed to mislead the tellers so that they would not report the transactions to superiors. That is distinct from the abuse of the trust of the board of directors of CIMKF. Therefore, we find that there is no impermissible double counting.

There was no error in constructing Mr. Williams' sentence, so the judgment of the district court is AFFIRMED.